IN RE LIQUIDATION OF BOURBON BANKING COMPANY
BINKLEY *v.* FIRST STATE BANK OF BOURBON ET AL.

[No. 27,923.   Filed November 23, 1943.]

*Claude D. Carson,* of Plymouth, for appellant.

*Walter R. Arnold, John Degnan,* and *Robert Zimmerman,* all of South Bend, for appellees.

RICHMAN, J.—In the first appeal of this case, *In re Liquidation of Bourbon Banking Company* (1940), 218 Ind. 96, 30 N. E. (2d) 311, a judgment in favor of Henry M. Binkley and others was reversed with instructions to compute the amount due on the note set out in the opinion "in view of payments made and credited," and to enter judgment for the First State Bank of Bourbon who is the appellee in this second appeal. Upon petition for rehearing the mandate was modified to grant a new trial, 218 Ind. 114, 31 N. E. (2d) 52, upon Mr. Binkley's representation that certain additional evidence, including testimony of Mr. Beck, would be available as a defense to the claim on the note.

This appeal by Mr. Binkley is from a judgment on the note after the new trial so granted. The issues

below were not changed and the evidence was not substantially different from that in the first trial.

The record discloses that Mr. Beck did not testify. Three additional notes were produced bearing guaranty like that set out on page 103 of the first opinion. No other notes were in evidence. Elmer E. Myers, an employee of appellee, testified that Parks, the liquidating agent, about the time when the notes were delivered to appellee told the witness that the Bourbon Banking Company was guaranteeing all the notes taken over by appellee. While there was evidence to the contrary this testimony in connection with the corroborating circumstances mentioned in the first opinion was sufficient to sustain the trial court's finding for appellee and against appellant on the issue of lack of consideration for the note in suit. All other issues were settled by the first appeal which is the law of the case. *Local No. 1460 of Retail Clerks Union* v. *Roth* (1942), 219 Ind. 642, 39 N. E. (2d) 775. No questions as to admissibility of evidence are presented because of appellant's failure in his motion for new trial to comply with the rule stated in *Wise* v. *Curdes* (1941), 219 Ind. 606, 616, 40 N. E. (2d) 122, 126, and cases therein cited. The note sued on is not set out in the bill of exceptions. There is a minute of its offer in evidence but none showing admission. The trial court and all the parties treated it as in evidence. One of the specifications in appellant's motion for a new trial is that the court erred in admitting the note over his objection. Its omission from the record is not error available to him. *Lowe* v. *Talbert* (1931), 93 Ind. App. 384, 176 N. E. 36.

Judgment affirmed.

NOTE.—Reported in 51 N. E. (2d) 80.